IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

GARY BULLARD and
CYNTHIA W. BULLARD,
    Plaintiffs,

v.                    CASE NO.: 3:10cv434/MCR/CJK

US BANK, N.A., et al.,
    Defendants.

## REPORT AND RECOMMENDATION

    This matter is before the Magistrate Judge on referral from the Chief District Judge for the purpose of determining US Bank's Notice of Filing Affidavit of US Bank's Attorney's Fees and Costs Incurred in Preparing US Bank's Motion to Impose Sanctions (doc. 84).  This matter was heard in open court on March 21, 2012. Attorneys for the plaintiffs, as well as for US Bank, were present and made their points quite clearly.  The document in question was filed by US Bank in response to the Chief Judge's ruling requiring attorney Bruce Committee to "pay US Bank's costs of preparing the motion for sanctions." (Doc. 75, 4).

    I have thoroughly considered the document filed by US Bank's attorneys. Mindful that the Chief Judge's order carefully circumscribes those activities for which reimbursement may be sought, I am of the opinion that the following items are excessive in terms of the amount of attorneys time claimed:

| | | |
|---|---|---|
| 12/20/11 | Draft Motion for Sanctions for Failure to Attend Mediation | 3.30 hrs. @ $336.88/hr. |
| 1/4/12 | Draft Affidavit as to fees and costs incurred for mediation | 2.20 hrs. @ $336.88/hr. |
| 1/6/12 | Review affidavits | .7 hrs. @ $428.75/hr. |

Based upon my thirty five years experience as a judge and as a litigator, I find that these amounts are excessive, although I do not make any accusation that they are inflated from the time actually spent by these lawyers in performing the tasks described. The simple fact is that the drafting of the items I have noted above should not have taken the amount of time claimed by these lawyers. They are boilerplate documents that do not require an extensive amount of attention or expertise. The total amount of time claimed to have been incurred on these items is 8.8 hours. I find that justice requires that this total time be reduced to 6.1 hours total which reflects a reduction of 1.3 hours for the drafting of the motion for sanctions for failure to attend mediation, a reduction to 1.0 hour for the draft affidavits as to fees and costs incurred for mediation, and a reduction to 0.4 hours for review affidavits, yielding the aforesaid total of 6.1 hours. Using the claimed 8.8 hours as the denominator and the allowable 6.1 hours as the numerator, and multiplying that fraction times the total amount claimed of $3,065.62, one arrives at a total of $2,125.03.

Accordingly, it is respectfully RECOMMENDED that plaintiffs' counsel, Bruce E. Committee, be required within a time certain, to pay as sanctions to US Bank and its attorneys the amount of $2,125.03.

DONE AND ORDERED this 23rd day of March, 2012.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

*Case No: 3:10cv434/MCR/CJK*

## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).