IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

GARY BULLARD and
CYNTHIA W. BULLARD,
    Plaintiffs,

v.                                                 CASE NO.: 3:10cv434/MCR/CJK

U.S. BANK, N.A., et al.,
    Defendants.

---

## REPORT AND RECOMMENDATION

This matter is before me on referral from the district judge for purposes of determining the motion of attorney Bruce Committe for leave to appeal *in forma pauperis*. In response to Committe's initial motion (doc. 146), I issued an order (doc. 152) explaining to Mr. Committe that his motion lacked an appropriate affidavit, lacked an explanation in some reasonable detail of Mr. Committe's claim of entitlement to redress, and failed to specify the issues Mr. Committe intends to present on appeal. I advised Mr. Committe that his motion, as filed, did not point out any shortcoming in the order he seeks to appeal, but instead simply argued that the district judge and the magistrate judge in this case should be disqualified based upon their prejudice against human beings. Finally, I strongly cautioned Mr. Committe that if he wished to appeal at public expense he must identify a good faith basis for his appeal of the sanction order (doc. 127).[1]

---

[1] The district court has now entered an Order of Summary Judgment against Mr. Committe's clients, Gary Bullard and Cynthia W. Bullard, and has directed the clerk to close the file. (Docs. 157, 158).

In response to my order Mr. Committe filed an amended motion.[2]  In this motion Mr. Committe states that he challenges the district court's sanctions order because the underlying mediation order, of which Mr. Committe has been found in violation, "was an act of gross actual bias (as opposed to the appearance of bias) by the Judge." (Doc. 156, p. 2).  As in his initial motion, Mr. Committe asserts, without any support whatsoever, that the only reason for the mediation order appears to have been this court's bias in favor of corporations and against "human being plaintiffs." (Doc. 156, p. 2).  Because of Mr. Committe's perception of bias, he has concluded "it is necessary for the appellate court to give the appropriate instruction." (Doc. 156, p. 3).  Based upon my review of Mr. Committe's filing, as well as my familiarity with, and review of, the record in this case, I make the following findings of fact:

1. Mr. Committe seeks to appeal an order of sanctions against him (doc. 127), which requires him to pay personally $2,125.03 to plaintiff.  Ironically, before the district court entered the order in question, and after I entered a Report and Recommendation on this matter (doc. 116), Mr. Committe filed a document entitled "Plaintiffs Non-Objection to Attorney Fee Rate and Time Spent." (Doc. 124).  In this filing Mr. Committe "objected" to my recommendation that the amount of fees sought by defendant's lawyers should be reduced, and argued instead that the total amount defendant's lawyers sought against Mr. Committe "is indeed reasonable . . . ." (Doc. 124, p. 2).  Affirming the reasonableness of the time spent by defendant's lawyers, Mr. Committe made no mention, at that time, of any objection to the underlying finding by the district court that he was subject to sanctions. (Doc. 75).  Notably, Mr.

---

[2] Above the caption of the motion contains the typed words "DRAFT DRAFT DRAFT." (Doc. 156, p. 1).  Despite this, it appears that it was Mr. Committe's intent to file the amended motion in response to my order, and I will therefore consider it as filed.

Committe does not seek to appeal the sanction order (doc. 75), an order entered by the district judge on January 17, 2012, but instead seeks to appeal the order assessing fees (doc. 127).

2. Mr. Committe has not identified, either directly, or by reasonable inference, any error committed by either the district judge or the magistrate judge in subjecting him to sanctions, and determining the amount of those sanctions. Instead, and as noted above, Mr. Committe's complaint appears to be based on his belief that this court is biased against human beings, and in favor of corporations.

3. In the affidavit attached to the amended motion, Mr. Committe avers that he has total monthly income of $55.00, and assets (real estate), valued by him at $390,000.00. (Doc. 156-1, p. 2).

Based upon the foregoing findings of fact, I must apply the applicable law. "An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(3). The good faith bar of the statute is objective. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962) ("We hold . . . that 'good faith' in this context must be judged by an objective standard."). One seeking an appeal *in forma pauperis* "demonstrates good faith when she seeks appellate review of any issue that is not frivolous." *Busch v. Cnty. of Volusia*, 189 F.R.D. 687, 692 (M.D. Fla. 1999). "[T]he district court must grant leave to appeal *in forma pauperis* unless [the] issues raised are so frivolous that the appeal would be dismissed in the case of a nonindigent litigant." *Id*. The district court's inquiry "is limited to whether [the] appeal involves legal points arguable on their merits, and is therefore not frivolous, and does not require that probable success be demonstrated." *Id*.

In this case, the question is not close. The motion would be denied simply upon Mr. Committe's failure to show indigency. He has, by his sworn affidavit, some $390,000.00 in assets, as to which he asserts no encumbrance. Aside from that, however, this appeal is not taken in good faith. Committe seeks review of an attorney's fee order to which he not only stipulated, but argued to the court that the amount awarded should be higher than that actually determined by the magistrate judge and approved by the district judge. Although Mr. Committe appears to have some grievance with the mediation process utilized in this and many other cases, he does not show, by airing that particular grievance, any error in the attorney's fees assessed against him.

Moreover, even assuming that the question of the appropriateness of the underlying sanction order could somehow be subject to review, Committe has not identified any ground, much less a good faith ground, upon which to seek review. His strange allegation that this court is biased against human beings simply could not form the basis of a successful appeal, as it is cast entirely in conclusory terms. Committe offers no support whatsoever for his subjective beliefs. Simply put, this matter is one where movant's realistic chances of ultimate success are so slight that the appeal "is not one capable of being convincingly argued." *See Harris v. Menendez*, 817 F.2d 737, 740 n.5 (11th Cir. 1987).

I further find that Mr. Committe has not complied with the terms of my previous order, nor with the express terms of FEDERAL RULE OF APPELLATE PROCEDURE 24(a)(1)(C). The RULE requires that the party seeking leave must, by affidavit, state "the issues that the party intends to present on appeal." Even assuming that Mr. Committe's motion itself qualifies as an affidavit, he has not identified any

distinct issue he intends to present on appeal, but has merely asserted and reasserted his belief that the district court is biased against human beings. Little analysis is required to show that such an assertion could never suffice as an issue on the appeal of an order entered in a civil case.

In the underlying order, the district court found:

> Rule 16 provides that the court may sanction a party who "fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1)(C). Additionally, the rule requires that "the court must order the party, his attorney, or both to pay the reasonable expenses – including attorney's fees – incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 16(f)(1), (2). . . . Nonetheless, Bullard and Committee each violated the court's order, and although Bullard has shown good cause based on his reliance on the advice of counsel, Committee has not shown good cause. He states only that he misread the plain language of the mediator's guideline and that "it did not enter his mind that there was any error in the mediator's guidelines and the court's scheduling order."

(Doc. 75, p. 3).

Committe has not challenged anything contained in the underlying sanction order, and as was made clear by the district court's finding, Mr. Committe's attempt to avoid sanctions was based solely upon his claim that he misread the plain language of the mediator's guideline.

Upon the foregoing, it is, therefore, respectfully RECOMMENDED:

1.  That the court CERTIFY that the proposed appeal is not taken in good faith, and the Amended Motion to Proceed *in Forma Pauperis* on Appeal (doc. 156) be DENIED.

*Case No: 3:10cv434/MCR/CJK*

2.	That because the motion and affidavit do not comport with FEDERAL RULE OF APPELLATE PROCEDURE 24(a)(1)(C), the motion should be DENIED.

3.	Also, that on account of movant's failure to show indigency, the motion should be DENIED.

DONE AND ORDERED this 12th day of July, 2012.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of any objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts,* 858 F.2d 698, 701 (11th Cir. 1988).